# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7515 | **DATE** | 7/16/2001 |
| **CASE TITLE** | Harding vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, respondent's motion to dismiss (9-1) is denied. On it own motion, the Court is dismissing the claim labered 5(c) to the extent it seeks habeas corpus relief based on a claim of unconstitutional search and seizure. Respondent is directed to answer claim 5(c) insofar as it alleges ineffective assistance of appellate counsel, along with all the other claims in Harding's petition, by 8/13/01, and should also file the trial transcript and common law record by that date. Petitioner is directed to file a reply to respondent's answer by 9/13/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 1 8 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | JUL 1 8 2001 date mailed notice | |
| OR | courtroom deputy's initials | 01 JUL 17 AM 10: 13 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINNELL HARDING, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 00 C 7515 |
| JERRY STERNES, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

JUL 1 8 2001

MATTHEW F. KENNELLY, District Judge:

In 1993, Linnell Harding was convicted in the Circuit Court of Cook County of armed robbery and possession of a stolen car in connection with a carjacking. He appealed his conviction, and on February 18, 1997, the Illinois Appellate Court affirmed. Harding then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on December 3, 1997. On April 14, 1998, Harding filed a petition for post-conviction relief, which the trial court dismissed on May 27, 1998. Harding appealed that dismissal, his court-appointed attorney filed a motion to withdraw under *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987), and on October 15, 1999, the appellate court granted counsel's *Finley* motion and affirmed the dismissal of the petition. Harding requested a rehearing and filed a petition for leave to appeal. Both were denied, the latter on April 5, 2000. Harding then filed a petition for a writ of habeas corpus in this Court on November 27, 2000. Respondent has moved to dismiss the petition on the basis of untimeliness.

A one year statute of limitations applies to Harding's petition; in his case, the clock

started running on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). There are two possible dates that could qualify here: December 3, 1997, the day the Illinois Supreme Court denied Harding's petition for leave to appeal in his direct appeal, or ninety days later, the last day on which he could have filed a petition asking the United States Supreme Court to issue a writ of certiorari. *See Freeman v. Page,* 208 F.3d 572, 573 (7th Cir.), *cert. denied,* 121 S.Ct. 345 (2000). The Seventh Circuit has not directly decided whether we are to include the ninety days, particularly where, as here, the petitioner did not end up filing a petition for certiorari, *see id.; Gendron v. United States,* 154 F.3d 672, 674 nn.1, 2 (7th Cir. 1998), *cert. denied,* 526 U.S. 1113 (1999), though *Gutierrez v. Schomig,* 233 F.3d 490 (7th Cir. 2000), decided after *Freeman,* suggests that we should include the ninety day period. But in this case, the outcome is the same whether we start the clock on December 3, 1997 or March 3, 1998. In either case, the timeliness question turns on whether Harding is entitled to take advantage of the tolling provision in §2244(d)(2), which says that we should not count in the limitations period "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." (emphasis added).

"Whether a collateral attack is 'properly filed' can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed." *Freeman,* 208 F.3d at 576. Respondent argues that the trial judge dismissed Harding's post-conviction petition as untimely, and to be sure there is a sentence or two in the

2

decision to support that argument. But a careful reading of the decision reveals that though the judge considered some of the *claims* to be untimely, he did not dismiss the entire *petition* as untimely. Indeed, he dismissed several of the claims on their merits (those concerning the adequacy of Harding's appellate counsel), implicitly finding those claims timely. Because the statute requires a properly filed *application,* we look to the post-conviction petition as a whole rather than on a claim-by-claim basis – which makes sense given that we require prisoners to file all of their claims in a single habeas corpus petition, rather than filing successive petitions as the claims accrue. *See* 28 U.S.C. §2244(b)(2). On this basis, the Court finds that Harding's post-conviction petition was "properly filed," and the statute of limitations was therefore tolled from April 14, 1998, when he filed his post-conviction petition, until April 5, 2000, when the Illinois Supreme Court denied his petition for leave to appeal the dismissal of the petition. *See Gutierrez*, 233 F.3d at 492. With the tolling, Harding's habeas petition is timely, filed either on the 276th day (if we start the clock on March 3, 1998) or on the 362nd day (if we start the clock on November 22, 2000, the day Harding appears to have delivered his petition to prison officials for mailing, *see Houston v. Lack,* 487 U.S. 266 (1988); *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999) (for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk)).

## Conclusion

For the reasons explained above, respondent's motion to dismiss on the basis of untimeliness [Docket Item 9-1] is denied. On its own motion, the Court is dismissing the claim labeled 5(c) to the extent it seeks habeas corpus relief based on a claim of unconstitutional search and seizure. *See Stone v. Powell,* 428 U.S. 465 (1976). Respondent is directed to answer claim

3

5(c) insofar as it alleges ineffective assistance of appellate counsel, along with all the other claims in Harding's petition, by August 13, 2001, and should also file the trial transcript and common law record by that date. Petitioner is directed to file a reply to respondent's answer by September 13, 2001.

MATTHEW F. KENNELLY
United States District Judge

Date: July 16, 2001

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LINNELL HARDING,

        Petitioner,

vs.

JERRY STERNES,

        Respondent.

Case No. 00 C 7515

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1993, Linnell Harding was convicted in the Circuit Court of Cook County of armed robbery and possession of a stolen car in connection with a carjacking. He appealed his conviction, and on February 18, 1997, the Illinois Appellate Court affirmed. Harding then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on December 3, 1997. On April 14, 1998, Harding filed a petition for post-conviction relief, which the trial court dismissed on May 27, 1998. Harding appealed that dismissal, his court-appointed attorney filed a motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and on October 15, 1999, the appellate court granted counsel's *Finley* motion and affirmed the dismissal of the petition. Harding requested a rehearing and filed a petition for leave to appeal. Both were denied, the latter on April 5, 2000. Harding then filed a petition for a writ of habeas corpus in this Court on November 27, 2000. Respondent has moved to dismiss the petition on the basis of untimeliness.

A one year statute of limitations applies to Harding's petition; in his case, the clock

started running on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). There are two possible dates that could qualify here: December 3, 1997, the day the Illinois Supreme Court denied Harding's petition for leave to appeal in his direct appeal, or ninety days later, the last day on which he could have filed a petition asking the United States Supreme Court to issue a writ of certiorari. *See Freeman v. Page*, 208 F.3d 572, 573 (7th Cir.), *cert. denied*, 121 S.Ct. 345 (2000). The Seventh Circuit has not directly decided whether we are to include the ninety days, particularly where, as here, the petitioner did not end up filing a petition for certiorari, *see id.; Gendron v. United States*, 154 F.3d 672, 674 nn.1, 2 (7th Cir. 1998), *cert. denied*, 526 U.S. 1113 (1999), though *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000), decided after *Freeman*, suggests that we should include the ninety day period. But in this case, the outcome is the same whether we start the clock on December 3, 1997 or March 3, 1998. In either case, the timeliness question turns on whether Harding is entitled to take advantage of the tolling provision in §2244(d)(2), which says that we should not count in the limitations period "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." (emphasis added).

"Whether a collateral attack is 'properly filed' can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed." *Freeman*, 208 F.3d at 576. Respondent argues that the trial judge dismissed Harding's post-conviction petition as untimely, and to be sure there is a sentence or two in the

2

decision to support that argument. But a careful reading of the decision reveals that though the judge considered some of the *claims* to be untimely, he did not dismiss the entire *petition* as untimely. Indeed, he dismissed several of the claims on their merits (those concerning the adequacy of Harding's appellate counsel), implicitly finding those claims timely. Because the statute requires a properly filed *application,* we look to the post-conviction petition as a whole rather than on a claim-by-claim basis – which makes sense given that we require prisoners to file all of their claims in a single habeas corpus petition, rather than filing successive petitions as the claims accrue. *See* 28 U.S.C. §2244(b)(2). On this basis, the Court finds that Harding's post-conviction petition was "properly filed," and the statute of limitations was therefore tolled from April 14, 1998, when he filed his post-conviction petition, until April 5, 2000, when the Illinois Supreme Court denied his petition for leave to appeal the dismissal of the petition. *See Gutierrez,* 233 F.3d at 492. With the tolling, Harding's habeas petition is timely, filed either on the 276th day (if we start the clock on March 3, 1998) or on the 362nd day (if we start the clock on November 22, 2000, the day Harding appears to have delivered his petition to prison officials for mailing, *see Houston v. Lack,* 487 U.S. 266 (1988); *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999) (for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk)).

## Conclusion

For the reasons explained above, respondent's motion to dismiss on the basis of untimeliness [Docket Item 9-1] is denied. On its own motion, the Court is dismissing the claim labeled 5(c) to the extent it seeks habeas corpus relief based on a claim of unconstitutional search and seizure. *See Stone v. Powell,* 428 U.S. 465 (1976). Respondent is directed to answer claim

3

5(c) insofar as it alleges ineffective assistance of appellate counsel, along with all the other claims in Harding's petition, by August 13, 2001, and should also file the trial transcript and common law record by that date. Petitioner is directed to file a reply to respondent's answer by September 13, 2001.

MATTHEW F. KENNELLY
United States District Judge

Date: July 16, 2001